UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BETTY SUE MARCUS,

    Plaintiff,

v.                                  Case No.:  6:21-cv-1745-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Betty Sue Marcus sues under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's decision denying her application for supplemental security income. (Doc. 1.)[1] For the reasons below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## I. Background

The procedural history, administrative record, and law are summarized in the parties' briefs (Docs. 27, 31, 32) and not fully repeated here. In short, Marcus filed her initial application for disability benefits in 2018, alleging disability due to depression, anxiety, back problems, neck problems,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

fibromyalgia, Lyme disease, GERD, high cholesterol, and irritable bowel syndrome. (Tr. 360, 427.)

Following a hearing, the ALJ found that Marcus was not disabled. (Tr. 18-46.) To make this determination, the ALJ used the multi-step evaluation process established by the Commissioner. *See* 20 C.F.R. § 416.920(a).[2] The ALJ found that although several of Marcus's impairments qualified as severe, she retained the residual functional capacity (RFC) to perform light work with restrictions:

> [T]he claimant can stand and/or walk for six hours out of an eight-hour workday. She can sit for six hours in an eight-hour day. The claimant can frequently climb ramps and stairs and can occasionally climb ladders, ropes and scaffolds. She can occasionally balance, stoop, kneel, crouch, and occasionally crawl. The claimant can tolerate occasional exposure to extreme cold, wetness. She can concentrate and persist with normal breaks over an eight-hour day.

(Tr. 30.) After considering the RFC and other evidence, including vocational expert testimony, the ALJ ultimately concluded that Marcus would be capable of successfully transitioning to other jobs in the national economy. (Tr. 44-45.)

---

[2] An individual claiming Social Security disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Thus, she was not disabled as that term is defined in this context. (Tr. 45.) Marcus later exhausted her administrative remedies, and this lawsuit timely followed. (Doc. 1.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the

3

decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Marcus presses three arguments on appeal: (1) whether the ALJ erred by finding that her fibromyalgia is not a severe impairment; (2) whether the ALJ properly evaluated her lumbar spine pain; and (3) whether the ALJ properly evaluated the opinion evidence from consultative examiner Jaymie Agsalud. (*See* Doc. 27 at 15-20.)

#### A. Fibromyalgia

The ALJ found that Marcus had severe impairments of disorders of the right knee and disorders of the spine. (Tr. 21.) As for fibromyalgia, the ALJ concluded that "there is no acceptable evidence during the relevant period for [such] a diagnosis." (Tr. 29.) Marcus argues that the ALJ's conclusion is not supported by the record and there is evidence she was diagnosed with (and suffers from) debilitating fibromyalgia. (Doc. 27 at 15.) Indeed, Marcus argues there is no medical opinion which states she does not have fibromyalgia.

4

Marcus concludes this error is harmful because had the ALJ properly considered her fibromyalgia, the RFC would have been further limited.

At step two of the sequential evaluation process, an ALJ considers whether a claimant has a severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). An impairment is nonsevere "only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019). A claimant has the burden of proving an impairment is severe. *Id.*

A claimant's RFC is the most she can still do despite her limitations. 20 C.F.R. § 416.945(a)(1). The RFC is used to decide whether the claimant can perform past relevant work and, if not, to decide whether there are other jobs she can perform. *Id.* § 416.945(a)(5). The "mere existence" of an impairment does not reveal its effect on a claimant's ability to work or undermine RFC findings. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). In assessing the RFC, the ALJ must consider all impairments—severe and nonsevere. *Schink*, 935 F.3d at 1268.

Contrary to Marcus's argument, the ALJ considered that she was diagnosed with fibromyalgia, stating "The claimant was diagnosed with fibromyalgia by her primary healthcare provider, Sanjay Kavathia, M.D. and

5

this diagnosis has been carried over by other treating and examining sources based on the claimant's report and prescribed treatment." (Tr. 29.) The ALJ's decision also includes many references to fibromyalgia and extensive discussion of the medical evidence in this regard. (*See* Tr. 22, 28, 29, 36, 37, 38, 39.) The problem lies in the ALJ's reasons for finding that Marcus's fibromyalgia was not a medically determinable impairment—the ALJ focused on her symptoms not being substantiated by objective evidence. As discussed below, this is inconsistent with the Eleventh Circuit's treatment of fibromyalgia.

 Normally, a claimant's statements about her pain or other symptoms will not alone establish disability; there must also be objective medical evidence. *See* 20 C.F.R. § 416.929(a)-(b). While the same pain standard is applied for fibromyalgia, the Eleventh Circuit has loosened the need for objective medical evidence. This is "[b]ecause the hallmark of fibromyalgia is a lack of objective evidence, [such that] a claimant's subjective complaints may be the only means of determining the severity of [her] condition and the functional limitations she experiences." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017); *see also Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 64 (11th Cir. 2010) ("The lack of objective clinical findings is, at least in the case of fibromyalgia, therefore insufficient alone to support an ALJ's rejection of a treating physician's opinion as to the claimant's functional limitations.");

6

*Smith v. Astrue*, No. 4:10-cv-472-MP/WCS, 2011 WL 5026218, *20 (N.D. Fla. Sept. 16, 2011) ("It is a misunderstanding of the nature of fibromyalgia to require objective evidence for a disease that eludes such measurement.").

The objective evidence that the ALJ relied on to discount Marcus's subjective complaints of fibromyalgia-related symptoms include unremarkable examinations showing she was alert, well oriented, in no acute distress, normal gait, non-focal neurological exams, good range of motion, good grip strength, no swelling or pain, and normal x-rays. (Tr. 22, 29.) "The ALJ's considerations of the objective evidence, however, do not comport with the fact that physical examinations for [people] with fibromyalgia will usually yield normal results, *e.g.*, a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Francis v. Saul*, No. 8:18-CV-2492-T-SPF, 2020 WL 1227589, at *3 (M.D. Fla. Mar. 13, 2020); *see also Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("Since swelling of the joints is not a symptom of fibromyalgia, its absence is no more indicative that the patient's fibromyalgia is not disabling than the absence of headache is an indication that a patient's prostate cancer is not advanced."). *see also Johnson v. Colvin*, No. 1:14CV149-WS, 2015 WL 1931218, at *9 (N.D. Fla. Apr. 27, 2015). Undue emphasis on the lack of objective findings to verify a claimant's fibromyalgia-related reports, as here, constitutes error under well-established case law of this Circuit. *See Witherell v. Berryhill*, No. 8:17-CV-2806-T-CPT, 2019 WL 1397927, at *4 (M.D.

7

Fla. Mar. 28, 2019); *Dial v. Comm'r of Soc. Sec.*, No. 6:21-CV-1718-T-MAP, 2023 WL 416191, at *5 (M.D. Fla. Jan. 26, 2023).

It is also not clear that the ALJ followed the regulations in assessing Marcus's fibromyalgia. Social Security Ruling 12-2p "provides guidance on how the SSA develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims." *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019). Fibromyalgia is a "complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869, at *1 (July 25, 2012). "[T]he symptoms and signs . . . may vary in severity over time and may even be absent on some days." *Id.* at *5. "Widespread pain and other symptoms associated with [fibromyalgia], such as fatigue, may result in exertional limitations that prevent a person from doing the full range of unskilled work in one or more of the exertional categories[.]" *Id.* at *6.

Under SSR 12-2p, there are two ways an ALJ can find fibromyalgia is a medically determinable impairment. SSR 12-2p, 2012 WL 3104869, at *2-3. The first set of criteria, contained in Section II.A, requires the claimant to demonstrate: (1) "[a] history of widespread pain"; (2) "[a]t least 11 positive tender points on physical examination"; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." *Id.* The second set of

8

criteria, found in Section II.B, requires the claimant to show: (1) "[a] history of widespread pain"; (2) "repeated manifestations of six or more fibromyalgia symptoms or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at *3.

While the ALJ referenced SSR 12-2p and its requirements, there is no substantive analysis of the second set of criteria. (Tr. 28-29.) Among other things, the ALJ offered no discussion of "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs or co-occurring conditions were excluded." SSR 12-2p, 2012 WL 3104869, at *3. As a result, the Court cannot determine whether the ALJ's ultimate disability determination is supported by substantial evidence. *See Dial*, 2023 WL 416191, at *5; *Feaster v. Comm'r of Soc. Sec.*, No. 8:20-CV-1548-JSS, 2022 WL 11362306, at *4 (M.D. Fla. Feb. 25, 2022).

Given the errors above resulted in a finding that Marcus's fibromyalgia was not an impairment at all (Tr. 29), remand is warranted. *See Moore v. Saul*, No. 4:18-CV-01131-CLM, 2020 WL 1308404, at *7 (N.D. Ala. Mar. 19, 2020) ("[T]he Court cannot say the [ALJ's] error was harmless without plugging fibromyalgia into Steps 3-5, then re-weighing the evidence. To do that would

9

require conjecture that invades the province of the ALJ."); *see also Feaster*, 2022 WL 11362306, at *4.

### B. Remaining Issues

The remaining issues focus on Marcus's lumbar spine impairment and a consultative examiner opinion. These issues need not be addressed because the case is being remanded to the Commissioner for further consideration. *See, e.g.*, *Demenech v. Sec'y of the Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the later proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017) (finding it appropriate to omit discussion of two other contentions raised by claimant in light of a remand, which would generate a new decision).

### IV. Conclusion

1. The decision of the Commissioner is **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g), for the Commissioner to evaluate Marcus's fibromyalgia under SSR 12-2p and provide sufficient reasons and readily identifiable evidentiary support for the decision.
2. The Clerk is directed to enter judgment for Betty Sue Marcus and against the Commissioner and close the file.

**ORDERED** in Fort Myers, Florida this February 8, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record