UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BETTY SUE MARCUS,

    Plaintiff,

v.                                      Case No.:  6:21-cv-1745-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Betty Sue Marcus requests a fee and cost award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 35.)[1] The Commissioner does not object to the relief sought. The Court thus grants the motion.

Earlier in this case, the Court entered an order (Doc. 33) reversing and remanding the Commissioner's decision. Thus, under EAJA, Plaintiff moves for an award of $6,531.25 in fees, and $6.13 in expenses.

For Plaintiff to receive a fee and cost award under EAJA, these five conditions must be met: (1) she must file a timely application for attorney's fees; (2) her net worth must have been less than $2 million dollars when the complaint was filed; (3) she must be the prevailing party in a non-tort suit

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1) & (2); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds the hours expended by the attorneys and paralegals that worked on this case (33.7 hours) are reasonable. (Docs. 35-1.)

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to

rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). For attorneys admitted to the Middle District of Florida, Plaintiff requests an hourly rate of $241.29 for work performed in 2021 and $232.67 for 2022; for attorneys not admitted to the Middle District of Florida, Plaintiff requests an hourly rate of $125; for paralegals, Plaintiff requests an hourly rate of $75. (Doc. 35 at 7-8.) After review, and considering the rates are uncontested, the Court finds they are reasonable.[2]

Plaintiff also filed an "Affirmation and Waiver of Direct Payment of EAJA Fees." (Doc. 35-20.) It provides: "I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney." (*Id.*) But Plaintiff acknowledges that after awarding EAJA fees, the Commissioner will determine whether she owes a federal debt to the Government. If no debt is owed, the Government will accept Plaintiff's assignment, and the fees will be paid directly to counsel. (Doc. 35 at 8.) Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Finally, Plaintiff seeks $6.13 in expenses for mailing service documents to the Clerk of Court. (Doc. 35-19.) The Commissioner does not oppose the proposed award of expenses, and the undersigned finds that they are

---

[2] EAJA allows fees for paralegal services at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). The requested rate of $75 is reasonable for these services.

3

recoverable. *See Jean v. Nelson*, 863 F.3d 759, 778 (11th Cir. 1988) (finding that postage expenses are compensable under the EAJA).³

It is thus **ORDERED**:

1. Plaintiff's Unopposed Petition for EAJA Fees (Doc. 35) is **GRANTED** and the Court awards Plaintiff $6,531.25 in attorney and paralegal fees and $6.13 in expenses. This award will be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

2. The Clerk is directed to enter judgment in favor of Plaintiff and against the Commissioner in the amount of $6,531.25 in attorney and paralegal fees and $6.13 in expenses.

**ORDERED** in Fort Myers, Florida this May 9, 2023.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

---

³ Because Plaintiff is proceeding *in forma pauperis*, the United States is generally not liable for costs. *See* 28 U.S.C. § 1915(f)(1). But Plaintiff may still recover costs against the United States that are outside those listed in 28 U.S.C. § 1920, such as postage here. *See, e.g.*, *Jones v. Barnhart*, No. 1:02cv42JFF, 2004 WL 2297857 (E.D. Ark. Aug. 30, 2004).